GLADE L HALL
Nev. Bar #1609
105 Mt. Rose St.
Reno, NV 89509
Tele. (775) 324-6447
Facs. (775) 324-5387

Attorney for Creditor
Stacey Rissone

RECEIVED AND FILED
2011 AUG -2  PM 2: 10
U.S. ........ COURT
MARY A. SCHOTT, CLERK

RECEIVED AND F
2011 AUG -2 PM 2
J.S. ............ CO
MARY A. SCHOTT, CL

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>JOHN D. GESSIN,<br><br>Debtor.<br>_____<br>STACEY RISSONE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN D. GESSIN,<br><br>Defendant.<br>_____ | Case No. BK-N-11-51818 btb<br>Chapter 13<br><br>COMPLAINT FOR DETERMINATION<br>OF DISCHARGEABILITY<br><br>Hearing date:<br><br>Hearing Time:<br><br>Est. Time: 2 hours<br><br><br>Adv. Proc. No. _____ |

    STACEY RISSONE, plaintiff herein, by and through GLADE L HALL, her undersigned counsel, for complaint against the defendant, alleges as follows:

    1. This is a core proceeding over which this Court has jurisdiction under title 28 U.S.C. Sectioin 157(b).

    2. Defendant is a debtor in this Chapter 13 case. Plaintiff is a creditor of the defendant.

    3. This is an adversary proceeding to determine the dischargeability of a debt.

    4. Defendant is indebted to plaintiff in the sum of $28,689.13 on a debt for a judgment by

1

1  acceptance of offer of judgment in an action alleging defendant obtained money by false pretenses,
2  false representation and actual fraud.
3      5. The allegations in the Complaint therein are realleged herein as follows:
4          A. Stacey Rissone met John David Gessin in April or May of 2007. They
5  commenced a dating relationship which continued sporadically thereafter.
6          B. Gessin told Stacey that he was making money by "flipping" (buying and selling)
7  cars and induced Stacey to participate by investing her money in such car flipping business by
8  telling her they would make money in such business with her money.
9          C. In reasonable reliance on that representation, during June of 2007, Stacey
10  delivered to Gessin $25,000 in cash, her life savings, for such investments.
11          D. Rissone is informed and believes that Gessin's representation that he would use
12  Rissone's money to invest in flipping cars was false and that Gessin never made such investments
13  with her money, but appropriated such money to his own use, possession, and control.
14          E. In July of 2007 the dating relationship ended and Stacey and Gessin continued
15  contacts as friends. They would contact each other through "I am" (an internet connection)
16  frequently thereafter.
17          F. At some point, Gessin advised Stacey that the Internal Revenue Service had
18  frozen his bank accounts which contained her money and he could not return the money until the
19  accounts were unfrozen. Gessin has repeated this claim numerous times over the past two years.
20          G. The assertion that Gessin's accounts had been frozen by the IRS was false, was
21  known to be false, and was made by Gessin for the purpose of inducing Rissone to not pursue
22  remedies against Gessin for the appropriation of her money.
23          H. Gessin also claimed that a mobile home he owned had been frozen by the IRS.
24  When Stacey asked for documentation, Gessin claimed that all correspondence was going to his
25  father's house.
26          I. Gessin then became angry when Stacey would bring up the issue of her money.
27
28

1  He claimed that his life savings were being held as well.

2  J. Gessin has never returned any of Stacey's money, except for one check of $200
3  alleged by Gessin to be Stacey's share of a profit on the sale of a car.

4  K. On September 29, 2009, Stacey contacted Gessin by Yahoo text messaging.
5  The textual contents of that exchange consists of six pages which are affixed hereto to as
6  Exhibit 1.

7  6. The $28,689.13 judgment debt owed by defendant to plaintiff is nondischargeable
8  under section 523(a)(2) of the Bankruptcy Code.

9  **WHEREFORE**, plaintiff prays that the court determine that the debt of $28,689.13 is
10  nondischargeable; that plaintiff have judgment against defendant for $28,689.13; and that
11  plaintiff have such other further relief as is just, including reasonable attorney's fees and costs.

12  Dated: August 1, 2011.

*/s/ Glade L Hall*
GLADE L HALL
Attorney for Plaintiff
Nev. Bar 1609
105 Mt. Rose St.
Reno Nevada 89509
(775) 324-6447